# *EXHIBIT A*

 

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print          GrantedPublicAccess  Logoff JD45352012

**15AC-CC00066 - CARLA RAWLINGS V ADS ALLIANCE DATA SYSTEMS, INC. (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case  Click here to Respond to Selected Documents  Sort Date Entries: ● Descending ○ Ascending     Display Options: [All Entries ▾]

---

**02/25/2015** ☐ **Agent Served**

Document ID - 15-SMCC-116; Served To - ADS ALLIANCE DATA SYSTEMS, INC.; Server - ; Served Date - 12-FEB-15; Served Time - 10:20:00; Service Type - Special Process Server; Reason Description - Served; Service Text - Copy left with Linda McBride, Business Owner

 **Associated Entries: 02/11/2015 - Summons Issued-Circuit**
 **Associated Entries: 02/25/2015 - Notice of Service**

☐ **Notice of Service**

Summons return; Electronic Filing Certificate of Service.
 **Filed By:** CHARLES JASON BROWN
 **On Behalf Of:** CARLA RAWLINGS
 **Associated Entries: 02/25/2015 - Agent Served**

---

**02/11/2015** ☐ **Summons Issued-Circuit**

Document ID: 15-SMCC-116, for ADS ALLIANCE DATA SYSTEMS, INC..Attorney to print two copies of service document created to issue for service and return. Service copy to include filings to serve, if applicable. rlh
 **Associated Entries: 02/25/2015 - Agent Served**

---

**02/10/2015** ☐ **Entry of Appearance Filed**

Entry of Appearance.
 **Filed By:** CHARLES JASON BROWN
 **On Behalf Of:** CARLA RAWLINGS

☐ **Pet Filed in Circuit Ct**

Complaint.
 **Filed By:** CHARLES JASON BROWN
 **On Behalf Of:** CARLA RAWLINGS

☐ **Filing Info Sheet eFiling**

 **Filed By:** CHARLES JASON BROWN

☐ **Judge Assigned**

---

Electronically Filed - Cole Circuit - February 10, 2015 - 03:44 PM

**IN THE CIRCUIT COURT OF COLE COUNTY MISSOURI**

| | | |
|---|---|---|
| **CARLA RAWLINGS** | ) | |
| Individually And On Behalf Of | ) | |
| All Others, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **ADS ALLIANCE DATA** | ) | |
| **SYSTEMS, INC.** | ) | |
| Registered Agent: | ) | |
| The Corporation Company, Inc. | ) | |
| 112 SW 7th Street, Ste. 3C | ) | |
| Topeka, KS 66603 | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Carla Rawlings, by and through her attorneys, and on behalf of herself, the Putative Classes set forth below, and in the public interest, brings the following class action Petition against Defendant, ADS Alliance Data Systems, Inc. ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant routinely obtains and uses information in consumer reports (as a "consumer report" is defined pursuant to the FCRA) to conduct background checks on prospective and existing employees.

3. Defendant relies on information in consumer reports to make decisions regarding prospective or current employees.

4. Defendant relies on information in a consumer report, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

5. The disclosure document used by the Defendant to obtain a consumer report on

the Plaintiffs and other Putative Class members violates the FCRA.

6.      Defendant did not provide the Plaintiff or Putative Class members with a clear and conspicuous disclosure in writing in a document that consisted solely of the disclosure that a consumer report may be obtained for employment purposes.

7.      Defendant knowingly used a disclosure form to obtain a consumer report on the Plaintiff and other individuals that contained extraneous information in violation of the FCRA.

8.      Based on the foregoing violations, Plaintiffs assert FCRA claims against Defendant on behalf of herself and a class of Defendant's employees and prospective employees.

9.      In Count One, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681(b)(3)(A) individually and on behalf of all other individuals who suffered an adverse employment action after February 10, 2013, that was based in whole or part on information contained in a consumer report.

10.     In Counts Two and Three, Plaintiff asserts a pair of FCRA claims under 15 U.S.C. § 1681b(b)(2)(A)(i) and (ii) on behalf of an "Improper Disclosure Class" consisting of all employees or prospective employees of the Defendant in the United States who were subject of a consumer report that was used by the Defendant on or after February 4, 2013, and who executed Defendant's standard Release of Information Authorization disclosure form.

11.     Based on Defendant's violations of the FCRA, as described above, Plaintiff asserts FCRA claims on behalf of herself and all other individuals whose rights under the FCRA were violated as may be revealed during this proceeding.

12.    On behalf of herself and the putative class, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

## PARTIES

13.    Plaintiff Rawlings is a resident of Kansas City, Missouri.   Plaintiff was the subject of a consumer report procured with an improper disclosure and is a member of the Putative Class defined below.

14.    Defendant is a non-resident foreign company formed under the laws of Delaware doing business in Kansas.

## JURISDICTION AND VENUE

15.    This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

16.    Venue is proper in this Court pursuant to R.S.Mo. 508.010(4).

## FACTUAL ALLEGATIONS

17.    Plaintiff Rawlings applied for work on or about early January of 2015, with Defendant.

18.    On or about January 6, 2015, Plaintiff received a job offer from the Defendant.

19.    As part and parcel of the hiring process the Plaintiff completed a disclosure form that purported to notify the Plaintiff that a consumer report would be obtained.

20.    The disclosure form used by the Defendant contained extraneous information such as state law disclosures.

21.    Defendant obtained a consumer report on the Plaintiff.

22.    On or about January 13, 2015 Defendant called Plaintiff and said she was no longer hired due to information in her consumer report.

23.    Plaintiff received a copy of the consumer report approximately January 20, 2015, on which the adverse action was based.

24.    Plaintiff was not provided with a reasonable amount of time to challenge any inaccuracy that may have been present within the consumer report.

25.    Plaintiff was not provided with an FCRA summary of rights prior to the adverse action that was based upon his consumer report.

26.    Defendant is aware of the FCRA.

27.    Defendant has knowledge that it must comply with the FCRA.

28.    Defendant is required to obtain all consumer reports for employment purposes in accordance with the FCRA.

29.    Defendant obtained a consumer report on the Plaintiff from HireRight.

30.    The Defendant acknowledges that the FCRA defines the report obtained by the Defendant as a consumer report.

31.    Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

32.    The inclusion of extraneous information in a form used to procure a Consumer Report violates the FCRA.

33.    The inclusion of extraneous information is a willful violation of the FCRA as it runs contrary to established precedent, FTC guidance and the unambiguous language of the FCRA.

34.    Defendant's repeated use of an improper form to procure Consumer Reports

constitutes a willful violation of the FCRA.

35. Defendant's failure to provide the Plaintiff with a copy of the consumer report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, or a written description of rights under the FCRA prior to the adverse action, constitutes multiple violations of the FCRA.

36. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

## CLASS ACTION ALLEGATIONS

37. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

38. Plaintiff asserts the following adverse action class defined as:

**Proposed Adverse Action Class:** All employees or prospective employees of Defendant in the United States that suffered an adverse employment action on or after February 10, 2013, that was based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

39. Plaintiff asserts claims in Counts 2 and 3 on behalf of a Putative Improper Disclosure Class defined as follows:

**Proposed Improper Disclosure Class:** All employees or prospective employees of the Defendant in the United States who were subject of a consumer report that was sought by the Defendant on or after February 10, 2013, and who executed the Defendant's standard form to procure a consumer report.

### Numerosity

40. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing

employees. Said consumer reports are obtained using an invalid disclosure and Defendant relies on the information contained it said consumer reports, in whole or in part, as a basis for adverse employment action. Given the number of employees working for the Defendant, Plaintiffs believe that during the relevant time period, thousands of Defendant's employees and prospective employees would fall within the definition of the class.

## Common Questions of Law and Fact

41. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

    a. Whether Defendan t uses consumer report information to conduct background checks on employees and prospective employees;

    b. Whether the Defendant fails make a proper disclosure to employees and/or prospective employees that a consumer report may be obtained for employment purposes that consists solely of the disclosure;

    c. Whether the Defendant violated the FCRA by procuring consumer reports with an invalid authorization;

    d. Whether Defendant violated the FCRA and the rights of Plaintiff and other members of the Improper Disclosure Class;

    e. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a consumer report, without first providing a copy of the report to the affected individuals;

    f. Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to cure any inaccuracy within the consumer report prior to the adverse employment action;

    g. Whether Defendant's violations of the FCRA were willful;

The proper measure of statutory damages and punitive damages

**Typicality**

42. Plaintiff's claims are typical of the members of the proposed class. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees, but fails to provide the consumer report before taking an adverse employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

**Adequacy of Representation**

43. Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

**Superiority**

44. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

45.    This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

46.    This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

47.    Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will

not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

48. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## COUNT I
### Adverse Action Violations

50. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

51. Defendant obtained a "consumer report," as defined by the FCRA, concerning the Plaintiff from Hireright.

52. Defendant used a consumer report, as defined by the FCRA, to take adverse employment action against Plaintiff, and on information and belief, other members of the adverse action class.

53. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the consumer report that was used to take adverse employment action against them prior to the adverse action.

54. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to cure any inaccuracies within the consumer reports prior to the adverse action.

55. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other adverse action class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other

things, the following facts:

    a.    Defendant has access to legal advice through outside employment counsel;

    b.    Defendant committed multiple violations of the FCRA by not providing the Plaintiff with a copy of the consumer report and not providing the Plaintiff with a reasonable notice period to cure inaccuracies before taking adverse employment action as mandated by the FCRA;

    c.    The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

    d.    15 U.S.C. §1681-1681y, requires credit agencies to provide notice to users of consumer reports of the users legal obligations under the FCRA prior to the procurement of consumer reports.

56.    Plaintiff and the adverse action class are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

57.    Plaintiff and the adverse action class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

58.    Plaintiff and the adverse action class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## COUNT II
### Failure to Make Proper Disclosure in Violation of FCRA
### 15 U.S.C. § 1681b(b)(2)(A)(ii)

59.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

60.    The Defendant violated the FCRA by using a disclosure form that contained extraneous information

61.    The foregoing violations were willful. The Defendant knew that their form should contain no more than the disclosure and authorization.

62.    Defendant knowingly or with reckless disregard placed extraneous information

within their form to procure Consumer Reports.

63. The Defendant's willful conduct is reflected by, among other things the following

    facts:

    a.    Defendant had access to legal advice through its own outside employment
          counsel;

    b.    The Defendant has ignored regulatory guidance from FTC Informal Staff
          Opinions and repeatedly violated the FCRA by using a form containing
          extraneous and incorrect information;

    c.    Defendant's form is not a document consisting solely of the disclosure.

    d.    15 U.S.C. §1681 requires end users of consumer reports to acknowledge
          the end users legal obligations under the FCRA prior to the procurement
          of consumer reports.

64. Plaintiff and the Putative Class members are entitled to statutory damages of not

    less than $100 and not more than $1000 for each and every one of these

    violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

65. Plaintiff and the Putative Class members are also entitled to punitive damages for

    these violations pursuant to 15 U.S.C. § 1681n(a)(2).

66. Plaintiff and the Putative Class members are further entitled to recover their costs

    and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).


<u>COUNT III</u>
**Failure to Obtain Proper Authorization in Violation of FCRA**
**15 U.S.C. § 1681b(b)(2)(A)(ii)**

67. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

68. The Defendant violated the FCRA by procuring consumer reports relating to

    Plaintiff and other Putative Class members without proper authorization.   See 15

    U.S.C. § 1681b(b)(2)(A)(ii).

69.    The foregoing violations were willful.   The Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681b(b)(2)(A)(ii).   The Defendant's willful conduct is reflected by, among other things, the facts previously set forth.

70.    Plaintiff and the Putative Class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

71.    Plaintiff and the Putative Class members are also entitled to punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

72.    Plaintiff and the Putative Class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a.    An Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

b.    Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c.    Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

d.    Order finding that Defendant committed multiple, separate violations of the FCRA;

e.    Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f.    Order awarding statutory damages and punitive damages as provided the FCRA;

g.    Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h.    Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

**<u>Demand for Jury Trial</u>**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Associates LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

Electronically Filed - Cole Circuit - February 10, 2015 - 04:03 PM

**IN THE CIRCUIT COURT OF COLE COUNTY MISSOURI**

| | | |
|---|---|---|
| **CARLA RAWLINGS** | ) | |
| Individually And On Behalf Of | ) | |
| All Others, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: |
| vs. | ) | |
| | ) | |
| **ADS ALLIANCE DATA** | ) | |
| **SYSTEMS, INC.** | ) | |
| Registered Agent: | ) | |
| The Corporation Company, Inc. | ) | |
| 112 SW 7th Street, Ste. 3C | ) | |
| Topeka, KS  66603 | ) | |
| Defendant. | ) | |

**ENTRY OF APPEARANCE**

**COMES NOW** Jayson Watkins and hereby enters his appearance as counsel of record

for Plaintiff and those similarly situated in the above captioned matter.

Respectfully submitted,

By: /s/ Jayson A. Watkins
Jayson A. Watkins MO #61434
Brown & Associates LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF



# IN THE 19TH JUDICIAL CIRCUIT COURT, COLE COUNTY, MISSOURI

| Judge or Division:<br>PATRICIA S JOYCE | Case Number:  15AC-CC00066 |
|---|---|
| Plaintiff/Petitioner:<br>CARLA RAWLINGS<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO  64454-9116 |
| Defendant/Respondent:<br>ADS ALLIANCE DATA SYSTEMS, INC. | Court Address:<br>301 E HIGH<br>JEFFERSON CITY, MO  65101 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

<div align="right">(Date File Stamp)</div>

## Summons in Civil Case

**The State of Missouri to:  ADS ALLIANCE DATA SYSTEMS, INC.**

<div align="center"><b>Alias:</b></div>

**C/O THE CORPORATION COMPANY**
**112 SW 7TH STREET, STE. 3C**
**TOPEKA, KS 66603**

*COURT SEAL OF*

*COLE COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____02-11-2015_____
Date

_____
by rlh

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date                                                      Notary Public

---

**Sheriff's Fees**

| | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ _____10.00_____ | |
| Mileage | $ _____ | (_____ miles @ $._____ per mile) |
| **Total** | $ _____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

# AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Cole**                    **Circuit Court**

Case Number: 15ACCC00066

Plaintiff/Petitioner:
**CARLA RAWLINGS**

vs.

Defendant/Respondent:
**ADS ALLIANCE DATA SYSTEMS, INC.**

Received by HPS Process Service & Investigations, Inc. to be served on **ADS Alliance Data Systems, Incorporation c/o The Corporation Company, 112 Southwest 7th Street, Suite 3C, Topeka, KS 66603**.

I, EDWINA DITMORE, being duly sworn, depose and say that on the **12th day of February, 2015** at **10:20 am, I:**

Served the within named with a true copy of the **Summons and Complaint** by leaving with Linda McBride, Business Owner at **112 Southwest 7th Street, Suite 3C, Topeka, KS 66603**.

I am over the age of eighteen, and have no interest in the above action.

Subscribed and Sworn to before me on the __19th__ day of
__February__ __2015__ by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

JENNIFER L. FROMAN
My Appointment Expires
November 5, 2017

**EDWINA DITMORE**
Process Server

**HPS Process Service & Investigations, Inc.**
**www.hpsprocess.com**
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**
Our Job Serial Number: HAT-2015002523

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5h