IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CARLA RAWLINGS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:15-cv-04051-NKL |
| ADS ALLIANCE DATA SYSTEMS, INC., | ) ) |
| Defendant. | ) ) |

**ORDER**

Defendant ADS Alliance Data Systems, Inc. moves for reconsideration [Doc. 16] of the Order denying its motion to transfer venue from the Central Division to the Western Division of the Western District of Missouri [Doc. 7], and requests that the case be transferred to the Western Division. The motion to reconsider is denied.

ADS argues that venue of this FCRA case did not originally lie in Cole County Circuit Court where Plaintiff Rawlings chose to file it, and the case must therefore be transferred to a different division. Venue is a procedural matter and thus controlled by federal law in federal court. Under 42 U.S.C. § 1441(a), venue will lie in "the district court of the United States for the district and division embracing the place where such action is pending," and under Western District of Missouri Local Civil Rule 3.1, venue of a case removed from Cole County lies in the Central Division. Venue of this case therefore lies in the Central Division. Even if venue did not originally lie in the state court where a case was originally filed, that does not change the otherwise proper venue of a removed case. *Hollis v. Florida State Univ.,* 259 F.3d 1295, 1300 (11th Cir. 2001); 28 U.S.C. § 1441(f) (abrogating the theory of derivative jurisdiction). *See also Shaffer v. Rees Masilionis Turley Architecture,* 2014 WL 5320266, at *2 (E.D. Mo. Oct. 17,

2014) (*citing Hollis,* 259 F.3d at 1300) and *Becker v. Ford Motor Co.,* 2007 WL 4404168, at *1 (E.D. Mo. Dec. 17, 2007) (same).

The Court has also reviewed ADS' arguments for reconsideration based on 28 U.S.C. § 1404(a), which provides a court discretion to transfer venue for convenience of the parties and in the interests of justice. As set out in the Order denying ADS' original motion to transfer divisional venue, a "plaintiff's choice of forum is entitled to great weight, and will not lightly be disturbed…. [U]nless [the] balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed." [Doc. 7, *citing Houk v. Kimberly-Clark Corp.,* 613 F.Supp. 923, 927 (W.D. Mo. 1985).]

ADS presents nothing in its motion to reconsider to justify a change of course. The Court notes, among other factors, that Plaintiff Rawlings chose to litigate her case in central Missouri. "[I]t would be 'paradoxical' for that choice "to be dislodged by any inconvenience [she] elected to bear in litigating [her] action in [such] locale." *CBS Interactive Inc. v. Nat'l Football League Players Ass'n, Inc.*, 259 F.R.D. 398, 409-10 (D. Minn. 2009) (*citing Durabla Mfg. Co. v. Cont'l Cas. Co.,* No. 98–1596, 1998 WL 957250, at *3 (D. Minn. Oct.26, 1998)). Plaintiff Rawlings also represents that her claims are not witness-intensive but document-intensive, that she anticipates many documents will originate from Texas, and that transfer of documents can easily be accomplished electronically, [Doc. 31, p. 6], which ADS does not dispute. Further, the parties' briefing on the motion to transfer and motion for reconsideration demonstrates ADS is a large corporation with a presence throughout the country. There is little difference in convenience to ADS, as a non-resident of Missouri, between litigating this action in the Central or Western Division of Missouri. Indeed, nothing before the Court shows ADS challenged the state court's venue prior to removing the case to federal court. If venue were not proper in state

2

court, a remedy is likely available in the state court. A large corporation doing business throughout the country can be expected to have "the financial wherewithal to bear the expense of litigating this action in either" the Central or Western Division. *See CBS Interactive*, 259 F.R.D. at 410. Finally, the diffuse nature of any injury under the FCRA does not warrant suit in any particular division of the Western District.

The balance did not, and does not, 'strongly favor' ADS as the party seeking to disturb Rawlings' choice. Accordingly, Defendant ADS' motion to reconsider [Doc. 16] is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  June 23, 2015
Jefferson City, Missouri